**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 99-cr-00207-REB
(Civil Case No. 06-cv-02084-REB-KMT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS R. LAWRENCE,

    Defendant, Movant.

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**

**Blackburn, J.**

This matter is before me on the following: (1) the defendant's **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** [#403][1] filed October 16, 2006; and (2) the defendant's **Motion for a Certificate of Reasonable Doubt for Clarification of the Court Record** [#414] filed November 30, 2006. I have considered several additional filings in an effort to understand fully the nature of the defendant's claims. Those filings include the following. A motion for production of documents [#405]. However, this document, which consists of 28 pages, contains substantial detail concerning the claims the defendant asserts in his § 2255 motion. The government's response [#422] tracks the description of the defendant's claims as stated in [#405]. The defendant's paper [#406], which

---

[1] "[#403]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

outlines a portion of the defendant's third claim for relief. The defendant's paper [#412], which contains certain amendments to the defendant's § 2255 motion. The defendant's paper [#414], a motion for a "Certificate of Reasonable Doubt," in which the defendant argues that the death of the judge who conducted the defendant's criminal trial, the late Honorable Daniel B. Sparr, Senior United States District Judge, and additional related circumstances demonstrate additional bases for relief under § 2255. The defendant's paper [#419], captioned as a motion for evidentiary hearing, in which the defendant again summarizes certain bases for his request for relief under § 2255. The defendant's paper [#421], captioned as a motion to amend, in which the defendant states numerous corrections to his § 2255 motion. The defendant's paper [#424], which is the defendant's written statement concerning the date on which he mailed his § 2255 motion to the court.

The government filed a comprehensive response [#422] to the defendant's § 2255 motion. The defendant filed a voluminous reply [#440], consisting of 74 typewritten pages, in support of his § 2255 motion. Having considered all relevant portions of the record in this case, together with all reasons stated, arguments advanced, and authorities cited by the parties in their papers, I deny the defendant's motion for relief under 28 U.S.C. § 2255.

## I. FACTS

In 2002, after a four week jury trial, a jury found the defendant, Thomas Lawrence, guilty of four counts of wire fraud, in violation of 18 U.S.C. § 1343, fourteen counts of mail fraud, in violation of 18 U.S.C. § 1341, five counts of submitting false claims against the United States, in violation of 18 U.S.C. § 287, and thirteen counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I). Before the case was

submitted to the jury, the court entered a judgment of acquittal on two additional counts of mail fraud, counts five and ten of the Superseding Indictment. As a result of his convictions, the defendant was sentenced [#325] to sixty months of imprisonment on the fraud convictions and 72 months of imprisonment on the money laundering convictions. The sentences were imposed as concurrent sentences. The defendant is or was a chiropractor.

The defendant's convictions are based on the events described below, as summarized by the United States Court of Appeals for the Tenth Circuit:

> In 1996, the Office of the Inspector General ("OIG") for the United States Department of Health and Human Services began an investigation into the activities of a clinic in Denver based on a referral from the Board of Medical Examiners for the State of Colorado. OIG discovered that billings for medical services were being made to Medicare from the clinic using the provider identification number of a Dr. Lauren Mitchell. At that time, Mitchell was between eighty-one and eighty-two years old and did not live in Denver. OIG monitored the clinic and determined that over a five month period Dr. Mitchell was only at the clinic on Wednesdays for part of the day.
>
> OIG recruited the assistance of a Medicare-eligible cooperating witness, Ed Sullivan. Sullivan made an appointment, visited the clinic, and was seen by Lawrence. After listening to Sullivan's complaints of fatigue, Lawrence advised Sullivan that he likely had some heavy metals in his body and should consider chelation therapy. Sullivan refused chelation therapy, but did provide a number of laboratory samples requested by Lawrence. Sullivan made eight visits to the clinic and each time recorded his interactions for the investigating agents. During each visit, Sullivan asked about Dr. Mitchell, but never saw him and was told that Mitchell only came in occasionally.
>
> At trial, employees of the clinic observed that Dr. Mitchell did not appear to be actively involved in supervising the clinic, but that he would sign off on notes and charts of the patients. Other testimony indicated that Lawrence administered chelation therapy without any supervision from Dr. Mitchell. Medicare requires that a licensed physician directly supervise chelation therapy. Dr. Mitchell broke his hip in February 1996 and was in generally poor health until his death in November 1997. Lawrence continued to submit bills to Medicare under Dr. Mitchell's provider number during this period.

3

>      Medicare billing procedures require health care providers to use
> designated numeric codes to describe the services performed. These
> codes correspond to various therapies and diagnoses. Medicare does not
> cover all of the services described by the codes. Workers at the clinic
> testified that Lawrence instructed them to bill Medicare under the therapy
> codes for a certain intravenous treatment when billing for the chelation
> therapy services provided at the clinic. The codes to be used, 90780 or
> 90781, corresponded to a treatment that is covered by Medicare.
> Chelation therapy, properly coded as MO300, is not ordinarily covered.
> Several witnesses testified that they confronted Lawrence about using the
> incorrect code, but he continued the practice. Others testified that
> Lawrence instructed them to describe the services at the clinic as
> intravenous therapy not chelation therapy should they be contacted by an
> insurance carrier. Employees were also instructed to go through old charts
> and re-bill the insurance company using the intravenous therapy codes.
>
>      Medicare regulations require that billing for medical services be
> submitted under the provider identification number of the health services
> provider rendering the services or directly supervising those who do. All of
> the billing used Dr. Mitchell's provider number and signature stamp. At all
> times relevant to this case, Dr. Mitchell lacked a valid provider number
> because his medical license had been revoked in Arizona.

***U.S. v. Lawrence***, 405 F.3d 888, 894 -895 (10th Cir. 2005).

Arguably, the defendant raises 23 separate grounds in his § 2255 motion and related filings. None of the grounds asserted by the defendant provides a valid basis for relief under § 2255.

## II. STANDARD OF REVIEW

Section 2255 provides, *inter alia*, that a prisoner in custody under a sentence imposed by a court established by Act of Congress can move to have his sentence vacated, set aside, or corrected if the sentence was imposed in violation of the Constitution or laws of the United States, or otherwise is subject to collateral attack. The movant has the burden of demonstrating that he is entitled to relief because his sentence was imposed in violation of the Constitution or laws of the United States, or otherwise is subject to collateral attack. When the files and records of the case demonstrate that the

movant is not entitled to relief under § 2255, the motion may be denied without a hearing. **U.S. v. Marr**, 856 F.2d 1471 (10th Cir. 1998).

Lawrence is acting *pro se.* Therefore, I have reviewed all of his pleadings and papers, including the motion at issue here, more liberally than pleadings or papers filed by attorneys. **See, e.g., Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  TIMELINESS OF MOTION

Section 2255 requires that a motion be filed within one year of the "date on which the judgment of conviction becomes final . . . ."  A final judgment of conviction [#325] entered against the defendant on Mary 28, 2002.  The defendant appealed his conviction, and the Tenth Circuit affirmed the judgment of conviction on April 20, 2005.  The United States Supreme Court denied the defendant's petition for certiorari on October 11, 2005.  Thus, October 11, 2005, is the date on which the defendant's conviction became final.  The defendant's § 2255 motion was filed with the court on October 16, 2006.  The motion is dated "11 October 2006" at the signature line.  *Motion* [#403], p. 6.  The government argues that the defendant's motion was filed out of time.

As the government notes, the prison mailbox rule provides that a *pro se* prisoner's filing "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself received the documents." **Price v. Philpot**, 420 F.3d 1158, 1163 -1164 (10th Cir. 2005).  The government notes that, prior to the filing of the government's response [#422], the defendant had not submitted a declaration or notarized statement showing compliance with the prison mailbox rule. "Unless the defendant is able to show that his § 2255 was timely delivered to prison

authorities, in accordance with the requirements of the rule, his motion should be dismissed." *Response* [#422], p. 20. Shortly after the government filed its response [#422], the defendant filed a written statement [#424] in which he states that he delivered his § 2255 motion [#403] to prison legal mail personnel on October 11, 2006, "for mailing by U.S. Postal Service mail, first class postage prepaid," and addressed to the Clerk of the Court. Based on this statement, I conclude that the defendant's § 2255 motion was filed timely.

### IV. ANALYSIS

The government reads the statements made by the defendant in his motion for production [#405] as stating also the bases for his § 2255 motion. Considering the state of the record at the time the government filed its response [#422], I conclude that the government properly relied on [#405] as an expatiation of the defendant's arguments in support of his motion. In analyzing the defendant's claims, I have considered also the defendant's various filings as specified above. My consideration has included also the lengthy and detailed statements and arguments made by the defendant in his reply [#440].

The exhibits related to the defendant's reply are docketed as [#439]. The defendant's letter [#439] concerning his filing of the exhibits indicates that the exhibits consist of 1,197 pages, plus tables of contents. These voluminous exhibits are not currently available in the office of the Clerk of the Court. Even if the exhibits were available, absent pinpoint citations to the relevant pages of the 1,197 of exhibits submitted by the defendant, the court would not prodigally peruse those exhibits to determine *sua sponte* if those pages contain some additional support for the defendant's arguments. In his reply [#440], consisting of 74 pages, the defendant outlines in great

detail his arguments that various regulations and laws fatally undermine his criminal convictions in this case. He quotes, at length, from various regulations, sometimes citing to copies of the regulations in his exhibits. Over the course of 74 typewritten pages, the defendant has taken advantage of his more than ample opportunity to outline the bases of his arguments and to cite the regulations on which those arguments are based. His arguments are baseless and can be resolved readily without reference to the defendant's exhibits.

Specifically, the defendant argues that the requirements of various Medicare and other regulations demonstrate that it was not possible for the defendant to submit Medicare claims that contained material misrepresentations. If the defendant made no material misrepresentations to Medicare, then the foundation of his convictions is not sufficient. The evidence at trial showed that the defendant submitted claims for payment to Medicare for treatments that must be supervised by a physician. The defendant is not a physician. Repeatedly, the defendant used Dr. Mitchell's provider information in his submission of claims for payment from Medicare. The evidence at trial showed that Dr. Mitchell provided little if any supervision for the defendant's treatments. The evidence at trial showed also that the defendant purported to provide chelation therapy to the customers of his clinic. Chelation therapy is not reimbursable by Medicare. After several claims for payment for chelation therapy were denied, the defendant ordered that different codes be used on the Medicare claim forms. Those codes reflected services that were reimbursable, but that did not accurately or honestly describe the treatment provided. People working at the clinic noted to the defendant that the new codes were not accurate, but the defendant insisted that the new codes be use. The defendant consistently used Dr. Mitchell's provider number on the forms he submitted to claim

7

Medicare reimbursement.

Emblematic of the defendant's reliance on various Medicare regulations as exculpatory evidence is the following argument. The defendant concedes that Dr. Mitchell's Medicare provider number was invalid at the relevant times. Despite the use of Dr. Mitchell's invalid provider number, Medicare issued payment on many of the defendant's claim forms. The defendant notes certain regulations that require Medicare to deny payment on a claim if the reported provider number is ineligible for payment. Then defendant then argues that Medicare breached these legal requirements when it made payment on the claims submitted by the defendant. This breach, the defendant argues, cleanses the misrepresentations made by the defendant on the Medicare claim forms because, given the invalid provider number, no other misrepresentation made on the forms can be considered material.

This argument is specious. The evidence at trial demonstrated that the defendant misrepresented, *inter alia*, the nature of the treatment provided to the customers of his clinic and misrepresented that those treatments were supervised by a physician. Repeatedly, these misrepresentations induced Medicare to make payments to the defendant. In the context of claims for reimbursement from Medicare, the description of the nature of the treatment provided is obviously material because some treatments are covered by Medicare and generate payments from Medicare, and some are not covered. Assuming it is true that Medicare should not have made payments under Dr. Mitchell's provider number, that fact does not magically make the defendant's misrepresentations, which he made in an effort to fraudulently induce payment from Medicare, somehow immaterial. Rather, the evidence at trial demonstrated that the defendant's repeated misrepresentations actually induced Medicare to make payments to the defendant based

on the defendant's material misrepresentations to Medicare. Addressing the defendant's direct appeal, the Tenth Circuit rejected this argument. *Lawrence*, 405 F.3d at 901.

### A. Grounds 1 - 4

In ground one, the defendant lists 18 provisions from a Medicare Provider Manual, related Medicare materials, and federal regulations. He argues that had these "materially exculpatory items been presented in pre-trial and trial proceedings," then the result of his trial would have been different. He argues that these materials show that the Medicare claim forms he submitted "were materially unprocessable (sic) and uncompensable (sisc)" and that this information "negates essential elements of the charges . . . ." [#405], CM/ECF pp. 4 - 5. In ground two, the defendant reiterates a list of 18 similar citations, and then states 19 reasons he claims his trial counsel was ineffective because counsel failed to rely on the listed Medicare materials and regulations at trial and failed to assert various arguments, which, according to the defendant, conclusively demonstrate that he is not guilty. In ground three, the defendant claims the evidence at trial was insufficient to support his convictions. In ground four, the defendant argues that the court erred in denying his motion for entry of judgment of acquittal.

The defendant argued on appeal that Medicare should not have paid the requests for reimbursement submitted by the defendant because those requests contained an invalid provider number. *U.S. v. Lawrence*, 405 F.3d 888, 901 (10th Cir. 2005). The defendant argued also that the evidence at trial was insufficient to support his convictions and that the trial court erred in denying his motion for judgment of acquittal on all counts. *Id*. at 900 - 901. The Tenth Circuit rejected these arguments and affirmed the defendant's convictions. *Id*. at 900 - 901, 909. A defendant may not raise in a § 2255 motion an issue that was decided on a direct appeal of the defendants'

convictions.  ***U.S. v. Warner***, 23 F.3d 287, 291 (10th Cir. 1994).  Thus, grounds one, three, and four must be rejected as bases for relief under § 2255 because these grounds were decided in the defendant's direct appeal.

On appeal, the defendant did not assert that his trial counsel was ineffective. Generally, such claims are not considered to be proper on direct appeal and should be asserted as a claim in collateral proceedings. ***U.S. v. Lopez-Medina***, 596 F.3d 716, 731 n. 8 (10th Cir. 2010).  To a great extent, the defendant's ineffective assistance of counsel claim is founded on claims that the defendant's trial counsel was ineffective because counsel failed to pursue in pretrial and trial proceedings certain issues that were the subject of the Tenth Circuit's opinion in ***U.S. v. Lawrence***, 405 F.3d 888, 901 (10th Cir. 2005).  The defendant cannot bootstrap himself into a re-litigation of issues resolved on direct appeal by re-labeling those issues as a claim of ineffective assistance of counsel. To the extent the ineffective assistance of counsel claim does not involve such bootstrapping, the defendant does not demonstrate a valid basis for relief under § 2255. To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's performance prejudiced the defendant in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Strickland v. Washington***, 466 U.S. 668, 687 - 688, 694 (1984).  The defendant's conclusory allegations in support of his ineffective assistance of counsel claim do not even begin to approach the level of error or prejudice required to establish a claim under ***Strickland***.  Accordingly, ground two must be rejected also as a viable basis for § 2255

relief.

## B. Ground 5

In ground 5, the defendant claims that his counsel on appeal was constitutionally ineffective. The defendant argues that his appellate counsel failed to develop the available appellate issues diligently and reasonably. The defendant argues that his appellate counsel failed to develop adequately the defenant's claims (1) that the evidence presented at trial was insufficient; (2) that the defendant's motion for judgment of acquittal was denied improperly; and (3) that the trial court's jury instructions and evidentiary rulings were erroneous. [#405], CM/ECF pp. 16-17. The defendant does not specify how his appellate counsel was ineffective on these issues. Rather, he simply states in a conclusory fashion that his appellate counsel was ineffective in failing to develop these issues. Although I must liberally construe the defendant's *pro se* motion, I may not fashion the defendant's arguments for him when his "allegations are merely conclusory in nature and without supporting factual averments." **U.S. v. Fisher**, 38 F.3d 1144, 1147 (10th Cir.1994). The defendant does not state, in ground 5, any valid basis for § 2255 relief.

I must note also that the Tenth Circuit considered the issues of sufficiency of the evidence, the defendant's motion for judgment of acquittal, and the propriety of the trial court's evidentiary rulings on the defendant's direct appeal. **U.S. v. Lawrence**, 405 F.3d 888, 900 - 902 (10th Cir. 2005). To the extent the defendant seeks to criticize the manner in which his appellate counsel presented these issues to the Tenth Circuit, the holding in **Strickland** again is instructive. I must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment.'" **Bullock v. Carver**, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting **Strickland v. Washington**, 466 U.S. 668, 690 (1984)). In his papers, the defendant presents nothing that surmounts this strong presumption. Further, to the extent the defendant seeks to re-litigate in his § 2255 motion issues considered and resolved by the Tenth Circuit on direct appeal by re-labeling these issues as claims of ineffective assistance of counsel, such a re-litigation of these claims is not proper. **See U.S. v. Warner**, 23 F.3d 287, 291 (10th Cir. 1994). Therefore, ground 5 must be rejected as a basis for § 2255 relief.

### C. Grounds 6 - 9

In grounds 6, 7, 8, and 9, the defendant argues that he is a victim of prosecutorial and investigative misconduct. In ground 6, the defendant claims that trial prosecutors improperly argued that the Medicare provider numbers of a Dr. Mitchell, which numbers were used by the defendant when submitting Medicare claims, were able to induce Medicare to make payments to the defendant.. [#405], CM/ECF pp. 18, ¶ 1. The defendant has argued repeatedly that these numbers were invalid and were "materially unprocessable (sic) and uncompensable (sic) numbers." Because the numbers were invalid, the defendant contends, the defendant's misuse of the numbers does not constitute a material misrepresentation. The Tenth Circuit considered and rejected this argument, **Lawrence**, 405 F.3d at 901, and the defendant may not re-litigate this claim in his § 2255 motion. **U.S. v. Warner**, 23 F.3d 287, 291 (10th Cir. 1994). Thus, ground six must be rejected as a basis for § 2255 relief.

In grounds 7, 8, and 9, the defendant argues that the search warrants and indictment related to this case were procured through investigative misconduct. He again refers to his talismanic incantation about "material available but unpresented (sic) authoritative exculpatory evidence." [#405], CM/ECF p. 21. The defendant does not specify what this evidence is or what it may tend to show. He presents no valid basis for § 2255 relief in grounds 7, 8, and 9. Although I must liberally construe the defendant's *pro se* motion, I may not fashion the defendant's arguments for him when his "allegations are merely conclusory in nature and without supporting factual averments." **U.S. v. Fisher**, 38 F.3d 1144, 1147 (10th Cir.1994). To the extent these grounds for relief can be read as an effort to re-litigate issues resolved on the defendant's direct appeal, these grounds for relief are not valid bases for § 2255 relief. **Warner**, 23 F.3d at 291. Accordingly, grounds 7, 8, and 9 must be rejected as bases for § 2255 relief.

## D.  Ground 10

The defendant argues in ground 10 that the false claims statute, 18 U.S. C. § 287, is unconstitutionally vague and does not contain the element of materiality. The Tenth Circuit addressed and resolved the materiality issue on direct appeal. **Lawrence**, 405 F.3d at 899. Thus, the defendant may not re-litigate this issue in his § 2255 motion. **Warner**, 23 F.3d at 291.

The defendant could and should have raised his argument that § 287 is unconstitutionally vague on direct appeal, but he did not do so. "When a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." **U.S. v. Cox**, 83 F.3d 336, 341 (10th Cir. 1996). The defendant's efforts

13

to establish cause and prejudice, expatiated at great length in his reply [#440], are unavailing. His arguments are founded, in large part, on his claim that he has presented new and conclusively exculpatory evidence which was not presented at trial and was not available on appeal. As discussed elsewhere in this order, the evidence the defendant cites, primarily Medicare and other regulations, whether new or not, is not exculpatory in any significant measure. The defendant cites also his claim that his trial and appellate counsel were ineffective as cause for his default. As discussed in this order, the defendant's claims of ineffective assistance of counsel are without basis. Thus, ineffective assistance of counsel does not constitute cause excusing the defendant's procedural defaults. Similarly, the defendant's purported new and conclusively exculpatory evidence does not serve to demonstrate a fundamental miscarriage of justice.

The defendant could have raised on direct appeal his argument that § 287 is unconstitutionally vague, but he did not. Thus, consideration of this claim as part of the defendant's § 2255 motion is barred. *Cox*, 83 F.3d at 341. therefore, ground ten must be rejected also as a basis for § 2255 relief.

### E.  Grounds 11 - 12

In grounds 11 and 12, the defendant raises numerous challenges to his sentence. Most of these grounds were raised in the defendant's direct appeal and were rejected by the Tenth Circuit. *Lawrence*, 405 F.3d at 905 - 908. Without wishing to perseverate, the defendant may not re-litigate these issues in his § 2255 motion. *Warner*, 23 F.3d at 291. The defendant quarrels also with his restitution obligations and the district court's procedures at sentencing. however, the defendant could have raised these issues in his direct appeal, but he did not. As discussed above, the defenant has not shown cause

14

and prejudice or a fundamental miscarriage of justice with regard to these issues. Therefore, consideration of these claims as part of the defendant's § 2255 motion is barred. *Cox*, 83 F.3d at 341. Accordingly, grounds eleven and twelve must be rejected as bases for § 2255 relief.

## F. Ground 13

The defendant's filings do not include a summary of the bases for his ground 13. It appears, possibly, that one page was omitted from [#405] when that document was scanned for the court's CM/ECF system. The defendant filed [#405] on paper, and that paper was scanned to permit the document to be shown on the court's CM/ECF system. However, in its response [#422], the government outlines the bases for the defendant's ground 13. In his reply [#440], the defendant does not object to the government's characterization of ground 13. Further, the defendant's motion [#421] to amend his § 2255 motion includes an amendment to ground 13, which amendment is consistent with the government's characterization. *Motion to amend* [#421] at 5.

In ground 13, the defendant argues apparently that the government violated his rights under the Fourth Amendment by using electronic surveillance without a warrant during the investigation of this case. The defendant could have raised this issue in his direct appeal, but he did not do so. As discussed above, the defendant has not shown cause and prejudice or a fundamental miscarriage of justice with regard to this issue. Consideration of this claim as part of the defendant's § 2255 motion is barred. *Cox*, 83 F.3d at 341. As noted in the government's response, the investigation of the defendant included the use of a pole camera installed outside of the building in which the defendant's clinic was housed and the recording of conversations made by a cooperating witness who consented to the recording. These investigative tools do not require a

15

warrant. ***U.S. v. Jackson***, 213 F.3d 1269, 1280-1281 (10th Cir. 2000), **vacated on otr. grounds *Jackson v. U.S.***, 531 U.S. 1033 (2000) (use of camera to record exterior of home); ***U.S. v. Davis***, 1 F.3d 1014, 1016 (10th Cir. 1993) (warrantless monitoring and recording of conversations with consent of one party to the conversation permissible without a warrant). Thus, ground 13 must be rejected as a basis for § 2255 relief.

### G. Grounds 14 - 23

In grounds 14 through 23, the defendant grasps at the most fanciful, nonsensical, and frivolous bases for § 2255 relief that this court has encountered in quite some time. In a conclusory fashion, the defendant contends, *inter alia*, that the United States District Court for the District of Colorado is not an Article III court, that the "United States District is Washington D.C., which is '<u>not</u>' extended into the judicial district of Colorado as application of law under territorial application as it is referenced (or) implied within the indictment which voids the indictment on its face, in violation of Petitioner's Fifth Amendment Constitutional rights," and that the indictment is void "due to the use of the word 'elsewhere', (sic) which unconstitutionally extends jurisdiction per the U.S. Supreme Court." [#405], CM/ECF p. 27. The defendant provides no valid factual or legal foundation for grounds 14 through 23. All of these grounds must be rejected as bases for relief under § 2255.

### H. Motion for Certificate of Reasonable Doubt [#414]

In his **Motion for a Certificate of Reasonable Doubt for Clarification of the Court Record** [#414] filed November 30, 2006, the defendant argues that the death of the judge who conducted the defendant's criminal trial, the late Honorable Daniel B. Sparr, Senior United States District Judge, demonstrates an additional bases for relief under § 2255. The defendant's arguments are legally baseless and do not present any

viable grounds for relief under § 2255.

## V. CONCLUSION AND ORDERS

Having reviewed carefully the defendant's **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** [#403] filed October 16, 2006, the other filings specified in this order, the relevant portions of the record in this case as addressed in those filings, and the applicable law, I conclude that the defendant has not demonstrated that he is entitled to relief under § 2255 because his sentence was imposed in violation of the Constitution or laws of the United States, or otherwise is subject to collateral attack. Rather, the file and record in this case demonstrate that the defendant is not entitled to relief under § 2255.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** [#403] filed October 16, 2006, is **DENIED** without a hearing;

2. That the defendant's **Motion for a Certificate of Reasonable Doubt for Clarification of the Court Record** [#414] filed November 30, 2006, is **DENIED**;

3. That the defendant's claims asserted in the defendant's the defendant's **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** [#403] filed October 16, 2006, and in the defendant's other filings, specified in this order, are **DISMISSED WITH PREJUDICE**; and

4. That under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

Dated March 29, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge